Per Curiam:
This appeal and the appeal in a similar case decided today, State v.Sandoval , 308 Kan. ----, 366 P.3d 665 (No. 113,299, this day decided), address the legal limits of a district judge's sentencing power after probation revocation.
We hold that a judge pronouncing sentence after probation revocation may choose to sentence anew, even if some component of the original sentence was illegal because it failed to match a mandatory statutory minimum. If a new sentence is pronounced from the bench, any original illegality no longer exists, and the new sentence is not subject to challenge or correction under K.S.A. 22-3504.
FACTUAL AND PROCEDURAL BACKGROUND
Defendant Andrew Todd Roth was convicted of aggravated sexual battery under K.S.A. 21-3518(a)(1) and two counts of aggravated burglary under K.S.A. 21-3716. Roth was sentenced on the three counts to a total of 102 months of imprisonment and 24 months of postrelease supervision. He was placed on probation for 60 months.
Roth's probation was revoked in 2010. A district judge other than the sentencing judge modified Roth's prison term to run the sentences for the three counts concurrent instead of consecutive. Regarding postrelease, the judge said that he would impose "the mandated 24-month postrelease supervision period."
In 2014, the State filed a motion to correct an illegal sentence, seeking lifetime postrelease supervision rather than 24 months. See K.S.A. 2010 Supp. 22-3717(d)(1)(G) (persons sentenced for sexually violent crime "released to a mandatory period of postrelease supervision for the duration of the person's natural life"); K.S.A. 2010 Supp. 22-3717(d)(2)(I) (identifying aggravated sexual battery as sexually violent crime).
The State's motion was heard by Roth's original sentencing judge. Defense counsel argued that the postrelease supervision component of Roth's postrevocation sentence was *531 a legal "lesser sentence" under the statute governing dispositions available after probation is revoked. The judge opined that neither side had asked the revocation hearing judge to address the length of the postrelease term and that nothing suggested that the judge had been otherwise aware of the original postrelease term's failure to comply with the statutory minimum of life. The sentencing judge ruled that Roth's 24-month postrelease term was illegal and ordered him to serve lifetime postrelease supervision.
A panel of our Court of Appeals affirmed the district judge's decision. State v. Roth , No. 113,753, 2016 WL 3659800 (Kan. App. 2016) (unpublished opinion). This court granted Roth's petition for review.
DISCUSSION
In today's decision in Sandoval , slip op. at 8, this court holds that, under the "any lesser sentence" language in what is now K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii), a district judge pronouncing sentence after probation revocation may choose to sentence anew, even if some component of the original sentence was illegal because it failed to match a mandatory statutory minimum. If a new sentence is pronounced from the bench, the original illegality no longer exists, and the new sentence is not subject to challenge or correction under K.S.A. 22-3504(1). If the judge instead requires the defendant to serve the original sentence, the opposite is true. Any original illegality continues to exist and is subject to challenge or correction under K.S.A. 22-3504(1).
In Sandoval , the judge who revoked the defendant's probation explicitly declined to modify the original sentence and required the defendant to serve it. This left an illegal postrelease term in place and in effect, and it was ripe for later correction. See State v. Sandoval , slip op. at 7.
Here, on the other hand, the judge who revoked Roth's probation chose to give Roth a "lesser" sentence, as expressly permitted by K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii). Although the postrelease term pronounced after revocation mimicked the original term, Roth's imprisonment terms were made concurrent rather than consecutive. He was thus sentenced anew after revocation; whatever may have been illegal about the postrelease term when originally pronounced no longer existed and was not subject to correction on the State's later motion under K.S.A. 22-3504(1).
CONCLUSION
The decision of the Court of Appeals is reversed. The lifetime postrelease supervision component of defendant Andrew Todd Roth's sentence is vacated, and the case is remanded to the district court for filing of a journal entry modifying his sentence to substitute a term of 24 months of postrelease supervision for the lifetime term.