NOT DESIGNATED FOR PUBLICATION

No. 116,560

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER DEAN CASH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cowley District Court; NICHOLAS M. ST. PETER, judge. Opinion on remand filed January 18, 2019. Reversed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Larry R. Schwartz*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., HILL and BUSER, JJ.


PER CURIAM: Christopher Dean Cash challenges the district court's decision to modify his sentence. This court affirmed the district court in *State v. Cash*, No. 116,560, 2017 WL 2494798 (Kan. App. 2017) (unpublished opinion). Cash appealed. The Kansas Supreme Court remanded this case for reconsideration in light of its recent decisions in *State v. Roth*, 308 Kan. 970, 424 P.3d 529 (2018), and *State v. Sandoval*, 308 Kan. 960, 425 P.3d 365 (2018). Following the remand, Cash filed a motion for summary disposition asking this court to summarily reverse the district court's resentencing order. Following review of these cases, we find that the district court's decision should be reversed.

1

FACTUAL AND PROCEDURAL HISTORY

In 2012, Cash pled guilty to one count of aggravated sexual battery. The district court sentenced him to 36 months in prison with 24 months' postrelease supervision. The district court then suspended the prison sentence and ordered probation. In 2015, after first imposing graduated sanctions, the district court revoked Cash's probation. The district court then imposed a modified sentence of 29 months' imprisonment with 24 months' postrelease supervision.

Several months later, the district court held a hearing on its own motion to correct an illegal sentence, believing that Cash should have been subject to lifetime postrelease supervision. The district court determined Kansas law required lifetime postrelease supervision. Cash appealed, arguing that the district court erred when it modified his term of postrelease supervision from 24 months to life. This court affirmed the district court. *Cash*, 2017 WL 2494798. However, the Kansas Supreme Court summarily vacated this court's decision and remanded the case for reconsideration in light of the recently decided *Roth* and *Sandoval* cases.

ANALYSIS

When the district court revokes a person's probation, the court may order the person to serve the original sentence or any lesser sentence. K.S.A. 2017 Supp. 22-3716(c)(1)(E). *Roth* and *Sandoval* both "address the legal limits of a district judge's sentencing power after probation revocation." *Roth*, 308 Kan. at 970; *Sandoval*, 308 Kan. at 960. In *Sandoval*, the Kansas Supreme Court held:

"[A]fter revoking a criminal defendant's probation, a district judge may choose to sentence anew, even if some component of the original sentence was illegal because it failed to match a mandatory statutory minimum. In the alternative, a judge may simply

2

require the defendant to serve the original sentence. If a new sentence is pronounced from the bench after probation revocation, any original illegality no longer exists, and the new sentence is not subject to challenge or correction under K.S.A. 22-3504. If the judge instead requires the defendant to serve the original sentence, any original illegality continues to exist and is subject to challenge or correction under K.S.A. 22-3504." *Sandoval*, 308 Kan. at 960.

See *Roth*, 308 Kan. at 970.

In *Sandoval*, Ernest E. Sandoval pled guilty to aggravated indecent solicitation. He was placed on probation with an underlying prison sentence of 34 months and 24 months' postrelease supervision. The district court later revoked Sandoval's probation and ordered him to serve the underlying sentence, including the 24 months' postrelease supervision. The district court explicitly declined to modify Sandoval's sentence. The State later filed a motion to correct an illegal sentence, noting that the sentencing statutes mandate lifetime postrelease supervision for persons convicted of aggravated indecent solicitation. The district court granted the State's motion, and Sandoval appealed. The Kansas Supreme Court affirmed the district court. It explained that the district court ordered Sandoval to serve his original sentence, including the illegal portion, leaving "the illegal component in existence and subject to challenge by the State at any time under K.S.A. 22-3504(1)." 308 Kan. at 964.

*Sandoval* can be contrasted with *Roth*. In *Roth*, Andrew Todd Roth was convicted of one count of aggravated sexual battery and two counts of aggravated burglary. The district court ordered him to spend 60 months on probation with a 102-month underlying prison sentence and 24 months of postrelease supervision. Roth's probation was revoked. After revoking Roth's probation, the district court modified Roth's prison term to run the sentences for the three crimes concurrent instead of consecutive. The district court imposed the same 24-month postrelease supervision period. The State later filed a motion to correct an illegal sentence, arguing that Roth should be subject to lifetime postrelease

supervision instead of 24 months. The district court granted the motion, and Roth appealed. The Kansas Supreme Court reversed the district court. It noted that the district court gave Roth a lesser sentence, as permitted by K.S.A. 22-3716(b), when it ordered his imprisonment terms to run concurrent. This meant that Roth "was thus sentenced anew after revocation" and "whatever may have been illegal about the postrelease term when originally pronounced no longer existed and was not subject to correction on the State's later motion under K.S.A. 22-3504(1)." 308 Kan. at 972.

This case is more akin to *Roth* than *Sandoval* because the district court modified Cash's sentence after revoking probation. Because the district court announced a new sentence, the original illegality in Cash's sentence no longer exists. This is true even though, as in *Roth*, "the postrelease term pronounced after revocation mimicked the original term." 308 Kan. at 972. Pursuant to *Sandoval* and *Roth*, we reverse the district court's decision on its motion to correct an illegal sentence.

Reversed.