No. 118,268

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGELA L. JONES,
*Appellant*.

SYLLABUS BY THE COURT

1.

Whether a sentence is illegal under K.S.A. 2017 Supp. 22-3504 is a question of law over which an appellate court has unlimited review.

2.

Generally, a sentence is effective when pronounced from the bench. A district court usually lacks jurisdiction to modify a legal sentence once that sentence is pronounced from the bench. But a court may correct an illegal sentence at any time.

3.

A sentence is illegal when it (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provision, either in character or punishment; or (3) is ambiguous with respect to the time and manner in which it is to be served.

4.

There is one instance in which the court is authorized by statute to modify a legal sentence. Under K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii), upon a finding that a defendant

has violated the terms of his or her probation, the district court may require the defendant to serve the sentence imposed, or any lesser sentence.

5.

K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii) authorizes the district court to impose any lesser sentence upon revoking a defendant's probation, including a sentence with no postrelease supervision term. Whether the district court mistakenly imposes no postrelease supervision term upon revoking a defendant's probation and ordering a modified sentence is not relevant because the Kansas Supreme Court has held that a sentence is effective when pronounced from the bench regardless of the court's intent at the time the sentence is pronounced.

6.

After revoking a criminal defendant's probation, a district judge may choose to sentence anew, even if some component of the original sentence was illegal because it failed to match a mandatory statutory minimum. In the alternative, a judge may simply require the defendant to serve the original sentence. If a new sentence is pronounced from the bench after probation revocation, any original illegality no longer exists, and the new sentence is not subject to challenge or correction under K.S.A. 2017 Supp. 22-3504. If the judge instead requires the defendant to serve the original sentence, any original illegality continues to exist and is subject to challenge or correction under K.S.A. 2017 Supp. 22-3504.

7.

Under K.S.A. 2017 Supp. 21-6804(e)(2)(C), when the district court imposes an original sentence under the revised Kansas Sentencing Guidelines Act and fails to pronounce the period of postrelease supervision from the bench, this failure does not negate the existence of the postrelease supervision term because it is required by law as part of the defendant's original sentence.

2

8.

K.S.A. 2017 Supp. 21-6804(e)(2)(C) does not apply to a sentence that is lawfully modified at a probation revocation hearing under K.S.A. 2017 Supp. 22-3716(b) because a postrelease supervision term is not required by law as part of the sentence when the district court sentences a defendant anew after revoking his or her probation.

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed November 30, 2018. Vacated and remanded with directions.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

Before STANDRIDGE, P.J., MALONE, J., and STUTZMAN, S.J.

MALONE, J.:  Angela L. Jones appeals the denial of her motion to correct an illegal sentence of postrelease supervision. Jones claims that the district court did not sentence her to a term of postrelease supervision when it revoked her probation and ordered her to serve a modified prison sentence. She argues that the district court's silence on the term of postrelease supervision constituted a lawful modification of her sentence under K.S.A. 2017 Supp. 22-3716(b). We agree with Jones' claim and remand with directions for the district court to vacate Jones' postrelease supervision term.

FACTUAL AND PROCEDURAL BACKGROUND

In 2012, the State charged Jones in case 12CR279 with three counts of failure to register as a drug offender. Pursuant to a plea agreement, Jones pled guilty to two counts and the State dropped the third count. On July 10, 2012, the district court sentenced Jones to 51 months' imprisonment on count one and 34 months' imprisonment on count two, to

run consecutively, for a total sentence of 85 months' imprisonment. The district court ordered this sentence to run consecutive to a sentence in case 10CR1056, and it imposed a 24-month period of postrelease supervision as required by law. The district court granted a dispositional departure and placed Jones on probation for 36 months.

A couple years later, the State moved to revoke Jones' probation for absconding. At the probation revocation hearing on May 12, 2014, the district court heard evidence, found Jones violated her probation, and revoked her probation. The district court then stated: "[S]o sentence is ordered executed in each case; 20 months DOC in [10CR1056], 51 months DOC in 12 CR 279." The district court at first stated that the sentences in the two cases would be served consecutively as originally ordered, but the State said it would not object to running the sentences concurrently, so the district court ordered the cases to run concurrently. The district court did not mention the postrelease supervision term in either case at the May 12, 2014 probation revocation hearing.

The original journal entry of the probation revocation hearing, filed on June 2, 2014, ordered Jones to serve an 85-month prison sentence in 12CR279, even though the district court had ordered from the bench that Jones must serve "51 months DOC in 12 CR 279." The journal entry also included a postrelease supervision term of 24 months, even though the district court had been silent on the postrelease term. On January 5, 2016, Jones moved to have the district court correct the journal entry to reflect its 51-month pronouncement from the bench. The motion did not refer to the 24-month term of postrelease supervision. At a hearing on February 5, 2016, the district court denied Jones' motion, explaining that it was the court's intent at the probation revocation hearing to order Jones to serve her original sentence of 85 months' imprisonment in 12CR279.

Jones appealed the district court's February 5, 2016 order. On August 17, 2016, on Jones' motion for summary disposition, this court issued an order finding that a sentence is effective when pronounced from the bench, citing *Abasolo v. State*, 284 Kan. 299, Syl.

¶ 3, 160 P.3d 471 (2007). This court thus remanded the case to the district court with directions to correct the journal entry to reflect the sentence pronounced in open court at the probation revocation hearing on May 12, 2014.

On August 30, 2016, pursuant to this court's order and without holding a hearing, the district court filed a journal entry nunc pro tunc reflecting that Jones was to serve 51 months' imprisonment in 12CR279. This journal entry also stated that Jones was to serve a 24-month period of postrelease supervision.

The district court held a status conference on July 17, 2017, as the result of a written letter Jones had mailed to the court. The letter is not included in the record on appeal. At the status conference, Jones orally moved to correct an illegal sentence, arguing that her postrelease supervision term should be vacated for various reasons, but not because it had been modified at the probation revocation hearing. The gist of her argument was that her postrelease supervision term was not properly calculated under K.S.A. 2017 Supp. 22-3717 and that her postrelease term should have been vacated at the probation revocation hearing because her probation was revoked for technical violations that did not include the commission of a new crime. The district court ruled that Jones' sentence was correct, and it issued an order denying her motion to correct an illegal sentence. Jones timely appealed from that order.

ANALYSIS

On appeal, Jones claims the district court erred in denying her motion to correct an illegal sentence. Jones argues in her brief that the district court did not sentence her to a term of postrelease supervision when it revoked her probation and ordered her to serve a modified prison sentence. She argues that the district court's silence on the term of postrelease supervision at the probation revocation hearing constituted a lawful modification of her sentence under K.S.A. 2017 Supp. 22-3716(b). Jones concedes that

5

she did not make this argument before the district court, but she asserts that she can raise it for the first time on appeal under K.S.A. 2017 Supp. 22-3504.

The State counters that Jones may not raise a new issue for the first time on appeal. On the merits, the State argues in its brief that the district court did not err in denying Jones' motion to correct an illegal sentence because the district court's silence on the postrelease supervision term at the probation revocation hearing did not constitute a modification of the sentence.

After this case was submitted for disposition, this court ordered the parties to file supplemental briefs stating their positions on what effect, if any, K.S.A. 2017 Supp. 21-6804(e)(2)(C) has on the outcome of this appeal. That statute states that when a judge sentences a defendant and fails to pronounce the period of postrelease supervision from the bench, the "[f]ailure to pronounce the period of postrelease supervision shall not negate the existence of such period of postrelease supervision." Jones' supplemental brief argues that the statute "does not impact [her] appeal" because it does not apply when a lesser sentence is imposed following the revocation of a defendant's probation. The State's supplemental brief argues conversely that the statute "controls the present appeal" and establishes that the district court's silence on postrelease supervision at a probation revocation hearing does not negate the existence of the postrelease term.

The parties agree on our standard of review. Whether a sentence is illegal under K.S.A. 2017 Supp. 22-3504 is a question of law over which an appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Likewise, to the extent that resolution of this issue requires statutory interpretation, an appellate court has unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

The State is correct that Jones is making a new argument about why her postrelease supervision term is illegal that she did not make in district court. But if her

6

argument is correct, then she is serving an illegal sentence that fails to conform to the applicable statutory provision in the character or the term of the authorized punishment, and the court may correct an illegal sentence at any time. K.S.A. 2017 Supp. 22-3504(1). Thus, we will address the merits of her claim.

We will begin our analysis by reviewing some basic principles of law governing sentencing in a criminal case. Generally, a sentence is effective when pronounced from the bench. *Abasolo*, 284 Kan. 299, Syl. ¶ 3. A district court usually lacks jurisdiction to modify a legal sentence once that sentence is pronounced from the bench. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). But a court may correct an illegal sentence at any time. K.S.A. 22-3504(1); see *State v. Ballard*, 289 Kan. 1000, 1010-12, 218 P.3d 432 (2009). A sentence is illegal when it (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provision, either in character or punishment; or (3) is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 2017 Supp. 22-3504(3).

There is one instance in which the court is authorized by statute to modify a legal sentence. Under K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii), upon a finding that a defendant has violated the terms of his or her probation, the district court may impose alternative sanctions, including ordering the defendant to serve the sentence imposed "or any lesser sentence." Here, upon revoking Jones' probation, the district court modified her sentence by running the sentence in 12CR279 concurrent with the sentence in 10CR1056. The district court also modified the term of Jones' sentence in 12CR279 by reducing it from 85 months' imprisonment to 51 months' imprisonment, although the record is clear that the district court did not intend to make this change. The district court did not mention the postrelease supervision term at the May 12, 2014 probation revocation hearing.

Jones relies on *State v. McKnight*, 292 Kan. 776, 257 P.3d 339 (2011), to support her claim that her postrelease supervision term was modified and vacated at the probation

7

revocation hearing. In that case, the district court sentenced the defendant to 30 months' imprisonment with 24 months' postrelease supervision for a conviction of possession of marijuana with intent to distribute. The district court granted the defendant an 18-month probation term but later revoked it due to violations. At the probation revocation hearing, the district court imposed a modified sentence of 22 months' imprisonment; but based on a misreading of the applicable statute, the court vacated the postrelease supervision term. The State later filed a motion to correct illegal sentence, which the district court granted, reinstating the 24-month postrelease supervision term.

On appeal, the defendant argued that the district court imposed a lawful lesser sentence when it revoked his probation and because the sentence was effective when pronounced from the bench, the district court lacked jurisdiction to later increase the postrelease supervision term. Our Supreme Court observed that at an initial sentencing hearing, the district court does not have discretion to impose a term of postrelease supervision that is shorter than the period mandated by statute. 292 Kan. at 782. But the court went on to interpret K.S.A. 22-3716(b) as allowing the district court to impose "any lesser sentence" upon revoking a defendant's probation, including a shorter prison sentence, a shorter term of postrelease supervision, or any combination thereof. 292 Kan. at 782. The court found that whether the district court mistakenly imposed no postrelease supervision term due to a misunderstanding of the statute was not relevant because a sentence is effective when pronounced from the bench regardless of the court's intent at the time the sentence is pronounced. 292 Kan. at 783. The court concluded that the district court imposed a legal sentence at the probation revocation hearing and did not have jurisdiction to later modify it. 292 Kan. at 783.

*McKnight* is distinguishable from Jones' case because in *McKnight* the district court expressly vacated the defendant's postrelease supervision term at the probation revocation hearing. Here, the district court was silent on Jones' postrelease term upon revoking her probation. That said, the *McKnight* court was clear in finding that K.S.A.

22-3716(b) authorizes the district court to impose any lesser sentence upon revoking a defendant's probation, including a sentence with no postrelease supervision term at all. 292 Kan. at 782. And whether the district court mistakenly imposes no postrelease supervision term upon revoking a defendant's probation and ordering a modified sentence is not relevant because a sentence is effective when pronounced from the bench regardless of the court's intent at the time the sentence is pronounced. 292 Kan. at 783.

The Kansas Supreme Court recently revisited this issue in two cases decided on the same day. In *State v. Sandoval*, 308 Kan. 960, 425 P.3d 365 (2018), the defendant pled guilty to aggravated indecent solicitation of a child. The district court sentenced the defendant to 34 months' imprisonment with 24 months' postrelease supervision and granted probation. The applicable statute required lifetime postrelease supervision for the defendant's crime of conviction. The district court later revoked the defendant's probation and ordered him to serve his original sentence, including the illegal term of postrelease supervision. In doing so, the district court stated: "'I'm not going to modify sentence for someone who won't follow the basic terms and conditions of a probation that I give.'" 308 Kan. at 961. The State later moved to correct the illegal sentence of postrelease supervision, which the district court granted.

On review, our Supreme Court found that the district court specifically rejected a sentence modification at the probation revocation hearing and reinstated the original illegal sentence, so the district court was authorized to correct the illegal sentence and impose lifetime postrelease supervision. 308 Kan. at 965. The court held:

> "[A]fter revoking a criminal defendant's probation, a district judge may choose to sentence anew, even if some component of the original sentence was illegal because it failed to match a mandatory statutory minimum. In the alternative, a judge may simply require the defendant to serve the original sentence. If a new sentence is pronounced from the bench after probation revocation, any original illegality no longer exists, and the new sentence is not subject to challenge or correction under K.S.A. 22-3504. If the judge

9

instead requires the defendant to serve the original sentence, any original illegality continues to exist and is subject to challenge or correction under K.S.A. 22-3504." 308 Kan. at 960.

In *State v. Roth*, 308 Kan. 970, 424 P.3d 529 (2018), the defendant was convicted of aggravated sexual battery and two counts of aggravated burglary. The district court imposed a controlling sentence of 102 months' imprisonment, including 24 months' postrelease supervision, and placed the defendant on probation. As in *Sandoval*, the applicable statute required lifetime postrelease supervision. The district court later revoked the defendant's probation and modified the sentence by running some counts concurrently instead of consecutively. The district judge then said he would impose "'the mandated 24-month postrelease supervision period.'" 308 Kan. at 971. The State later moved to correct an illegal sentence, which the district court granted by imposing lifetime postrelease supervision.

On review, our Supreme Court reversed and remanded with directions for the district court to impose 24 months' postrelease supervision. 308 Kan. at 972. The *Roth* court reasoned that the district court modified the defendant's sentence at the probation revocation hearing and sentenced the defendant anew. In that situation, the 24-month postrelease supervision term became a lawful sentence that could not later be modified by the district court. As the court stated: "Although the postrelease term pronounced after revocation mimicked the original term, Roth's imprisonment terms were made concurrent rather than consecutive. He was thus sentenced anew after revocation." 308 Kan. at 972.

Returning to our facts, upon revoking Jones' probation, the district court modified her sentence by running the sentence in 12CR279 concurrent with the sentence in 10CR1056. The district court also modified the term of Jones' sentence in 12CR279 by reducing it from 85 months' imprisonment to 51 months' imprisonment. Under the analysis in *Sandoval* and *Roth*, the district court "chose to sentence [Jones] anew" at the

10

probation revocation hearing. In doing so, the district court sentenced Jones in 12CR279 to 51 months' imprisonment and was silent on the postrelease supervision term.

Jones argues that the district court's silence on the period of postrelease supervision at her probation revocation hearing constituted a modification of the postrelease term. Based on *McKnight*, *Sandoval*, and *Roth*, we agree with Jones' claim. The district court modified Jones' sentence at the probation revocation hearing and sentenced her anew. That sentence did not include a period of postrelease supervision. Although the district court may not have intended to vacate Jones' postrelease supervision term upon revoking her probation, the court was authorized to do so and the new lawful sentence was effective when pronounced from the bench. Thus, the district court erred when it later included a 24-month postrelease supervision term in the journal entry.

As mentioned before, this court ordered the parties to file supplemental briefs stating their positions on what effect, if any, K.S.A. 2017 Supp. 21-6804(e)(2)(C) has on the outcome of this appeal. K.S.A. 2017 Supp. 21-6804(e) states:

> "(e)(1) The sentencing court has discretion to sentence at any place within the sentencing range. In the usual case it is recommended that the sentencing judge select the center of the range and reserve the upper and lower limits for aggravating and mitigating factors insufficient to warrant a departure.
> "(2) In presumptive imprisonment cases, the sentencing court shall pronounce the complete sentence which shall include the:
> (A) Prison sentence;
> (B) maximum potential reduction to such sentence as a result of good time; and
> (C) period of postrelease supervision at the sentencing hearing. Failure to pronounce the period of postrelease supervision shall not negate the existence of such period of postrelease supervision.
> "(3) In presumptive nonprison cases, the sentencing court shall pronounce the:
> (A) Prison sentence; and
> (B) duration of the nonprison sanction at the sentencing hearing."

11

K.S.A. 2017 Supp. 21-6804(e)(2)(C) states that when a judge sentences a defendant and fails to pronounce the period of postrelease supervision from the bench, the "[f]ailure to pronounce the period of postrelease supervision shall not negate the existence of such period of postrelease supervision." See also K.S.A. 2017 Supp. 21-6805(c)(2)(C) (providing same rule for drug grid). These provisions are a part of the revised Kansas Sentencing Guidelines Act (KSGA), and they apply when the district court originally sentences a defendant under the Act. The postrelease supervision portion of a defendant's sentence at the original sentencing is controlled strictly by statute based on the severity level of the defendant's crime, and the district court has no discretion over the lawful term to impose. See K.S.A. 2017 Supp. 22-3717(d)(1). So when the district court imposes an original sentence under the KSGA and fails to pronounce the period of postrelease supervision from the bench, this failure does not negate the existence of the postrelease term because it is required by law as part of the defendant's original sentence.

But as we have already discussed, a defendant's original sentence can be modified at a probation revocation hearing under K.S.A. 2017 Supp. 22-3716(b), which is not a part of the KSGA. As our Supreme Court explained in *McKnight*, this statute authorizes the district court to impose any lesser sentence upon revoking a defendant's probation, including imposing no postrelease supervision term at all. 292 Kan. at 782. So the district court's silence on the postrelease term at a probation revocation hearing—even if by mistake—constitutes a lawful lesser sentence that is effective when pronounced from the bench. K.S.A. 2017 Supp. 21-6804(e)(2)(C) does not apply to a sentence that is lawfully modified at a probation revocation hearing under K.S.A. 2017 Supp. 22-3716(b) because a postrelease supervision term is not required by law as part of the sentence when the district court sentences a defendant anew after revoking his or her probation.

In sum, the district court imposed a lawful lesser sentence under K.S.A. 2017 Supp. 22-3716(b) of 51 months' imprisonment with no postrelease supervision period when it revoked Jones' probation on May 12, 2014. This sentence was effective when

pronounced from the bench and cannot later be modified. Thus, we vacate the 24-month postrelease supervision term of Jones' sentence and remand with directions for the district court to file a corrected journal entry in 12CR279 reflecting the sentence pronounced from the bench on May 12, 2014.

Vacated and remanded with directions.