NOT DESIGNATED FOR PUBLICATION

No. 122,518

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN L. THOMAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed November 25, 2020. Sentence vacated and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Kevin L. Thomas appeals the modified sentence imposed by the Sedgwick County District Court after his probation was revoked. Originally, the district court had ordered Thomas to serve 17 months in prison to be followed by 12 months of postrelease supervision. However, the district court granted a downward dispositional departure and placed Thomas on probation. At the probation revocation hearing, the district court modified Thomas' prison sentence to 15 months but did not mention postrelease supervision. On appeal, Thomas contends that the district court's silence means that he is no longer subject to postrelease supervision. However, we find that the

1

district court was required to order some period of postrelease supervision under K.S.A. 2018 Supp. 22-3716(f). Thus, we vacate the sentence and remand this case to the district court for clarification regarding the period of postrelease supervision to which Thomas will be subject after he serves his 15-month prison sentence.

FACTS

On May 28, 2019, Thomas entered into a plea agreement in which he agreed to plead guilty to one count of fleeing or attempting to elude a law enforcement officer. Although the district court subsequently sentenced Thomas to 17 months in prison to be followed by a 12-month period of postrelease supervision, it granted his motion for a downward dispositional departure to 12 months of probation. Unfortunately, Thomas was unable to fulfill the terms of his probation and committed a new crime as well as several other violations.

On January 21, 2020, the district court revoked Thomas' probation and ordered him to serve a modified prison sentence of 15 months. In doing so, the district court failed to mention—one way or the other—the 12-month period of postrelease supervision that was originally ordered. Yet, in the journal entry approved by both the prosecutor and defense counsel, the 12-month term of postrelease supervision as originally imposed was included.

ANALYSIS

On appeal, the sole issue presented is whether the district court's silence regarding postrelease supervision at the probation hearing means that Thomas is no longer required to serve any postrelease supervision. This issue was not raised below. In fact, a review of the record reveals that defense counsel approved the journal entry from the revocation hearing that included the term of postrelease supervision as originally ordered. Of course,

K.S.A. 2018 Supp. 22-3504(1) provides that a court may correct an illegal sentence at any time. Thus, we have jurisdiction to hear this matter for the first time on appeal. See *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016).

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). A sentence is illegal "when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]" *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018). Likewise, we have unlimited review over issues of statutory interpretation of sentencing statutes. *State v. Coleman*, 311 Kan. 332, 334-35, 460 P.3d 828 (2020). In reviewing a statute, we must read its provisions in pari materia and in a manner to avoid unreasonable or absurd results. *State v. Smith*, 311 Kan. 109, 114, 456 P.3d 1004 (2020).

Thomas recognizes that K.S.A. 2018 Supp. 22-3716(c)(1)(E) authorizes a district court to modify a sentence upon revocation of a defendant's probation "to serve the sentence imposed, or any lesser sentence." As a result, the district court had the authority upon revoking Thomas' probation to impose the original sentence in its entirety or to order any lesser sentence that was legally appropriate. It appears likely from a review of the transcript of the probation revocation hearing that the only modification that the district court intended to make from the original sentence was to reduce the prison term from 17 to 15 months. Furthermore, the journal entry approved by both the State and Thomas' counsel includes the term of postrelease supervision as originally ordered. Even so, the district court's failure to mention postrelease supervision at the probation hearing makes it impossible for us to determine its actual intent.

Although Thomas cites to *State v. Jones*, 56 Kan. App. 2d 556, 561, 565-66, 433 P.3d 193 (2018), he candidly concedes that it involved a probation revocation under

3

K.S.A. 2017 Supp. 22-3716(b)(3)(B) (addressing misdemeanors and specified felonies), while this case involves a probation revocation under K.S.A. 2018 Supp. 22-3716(c) (addressing all other felonies). Additionally, Thomas concedes that K.S.A. 2018 Supp. 22-3716(f)—which was not at issue in *Jones*—is applicable in this case. Hence, we do not find the analysis in *Jones* to be helpful in resolving the issue presented on appeal. For similar reasons, we do not find *State v. Bishop*, No. 119,961, 2019 WL 6973428, at *5 (Kan. App. 2019) (unpublished opinion), to be helpful to the resolution of this case.

Significantly, K.S.A. 2018 Supp. 22-3716(f) requires that a defendant whose probation is revoked under K.S.A. 2018 Supp. 22-3716(c) "*shall* serve a period of postrelease supervision upon the completion of the prison portion of the underlying sentence." (Emphasis added.) In other words, based on the plain and unambiguous language of K.S.A. 2018 Supp. 22-3716(f), the district court was required as a matter of law to order Thomas to serve at least some period of postrelease supervision upon revocation of his probation. In fact, a failure to do so would—in and of itself—render Thomas' sentence to be illegal for failure to comply with applicable statutory provisions.

Moreover, we find that under the circumstances presented in this case, the district court does not have the discretion to order *no* postrelease supervision. Allowing a district court to order no postrelease supervision when a defendant's probation is revoked pursuant to K.S.A. 2018 Supp. 22-3716(c) would render the requirement found in K.S.A. 2018 Supp. 22-3716(f)—that a defendant "shall serve a period of postrelease supervision"—to be meaningless. As the Kansas Supreme Court has held, "we presume the Legislature does not intend to enact meaningless legislation." *Montgomery v. Saleh*, 311 Kan. 649, 655, 466 P.3d 902 (2020) (citing *In re Marriage of Traster*, 301 Kan. 88, 98, 339 P.3d 778 [2014]).

We are persuaded that the district court erred by failing to specify a term of postrelease supervision on the record at the probation revocation hearing. However, we

are not persuaded that K.S.A. 2018 Supp. 22-3716(f) grants the district court the discretion to impose no amount of postrelease supervision under the circumstances. So, as both parties suggest as an alternative, we vacate the sentence and remand this matter to the district court to determine—on the record—the duration of postrelease supervision that Thomas must serve. This amount may be the amount originally ordered or any lesser amount that the district court finds to be appropriate.

Sentence vacated and remanded with directions.