NOT DESIGNATED FOR PUBLICATION

No. 122,459

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARTIN ANTHONY LOZANO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed February 19, 2021. Sentences vacated and case remanded for resentencing.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Stephen J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: This is an appeal by Martin Anthony Lozano from the district court's judgment revoking his probation and ordering the imposition of sentence. Lozano raises two issues. On the one hand, he contends the district court abused its discretion when it revoked his probation. On the other hand, Lozano argues that upon revocation of his probation, the district court imposed a modified sentence that was illegal because it was ambiguous by its terms.

1

Upon our review, we find no error in the district court's revocation of probation, but we conclude the resulting sentence imposed was illegal because it was ambiguous. Accordingly, we vacate the sentences and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2015, upon pleading guilty, Lozano was sentenced in case 14CR601 (2014 case) to two felonies—possession of methamphetamine (34 months) and burglary (12 months); and two misdemeanors—possession of marijuana (12 months), and criminal damage to property (6 months). The sentences were ordered to run consecutively, for a controlling term of 46 months in prison with a postrelease supervision term of 12 months, and 18 months in the county jail. The district court then granted Lozano's motion for a dispositional departure and placed him on probation for 24 months.

As conditions of his probation, Lozano was required to obtain alcohol, drug, and mental health evaluations and follow the recommendations for treatment. He was also to abstain from possessing or using alcohol or illegal drugs. Additionally, Lozano was required to submit to random alcohol and drug testing. Other standard conditions applied, including that Lozano maintain employment.

In August 2015, Lozano admitted using methamphetamine and was ordered to serve two days incarceration for violating his probation. Later that same month, Lozano again admitted using methamphetamine and was sanctioned with two more days incarceration. Lozano admitted using methamphetamine again in October 2015 and was sanctioned with three days incarceration.

In late October 2015, the State sought revocation of Lozano's probation. The State alleged that Lozano failed to successfully complete a required cognitive thinking class, failed to report as directed, failed to follow the recommendations for drug and alcohol

2

treatment, continually used methamphetamine, failed to report as directed to serve his three day sanction imposed earlier in the month, and failed to pay required fees. In November 2015, Lozano admitted to the probation violations and the district court ordered a sanction of 180 days imprisonment.

In May 2016, Lozano admitted to violating his probation by missing a cognitive thinking class. He was sanctioned with two days incarceration. In September 2016, Lozano admitted to missing a drug test appointment and was sanctioned with three days incarceration.

In November 2016, the State filed another motion to revoke Lozano's probation. The State alleged that Lozano continued to violate the terms of his probation by missing classes and scheduled office visits, using controlled substances, failing to report for drug testing, and failing to maintain employment. Lozano was arrested on the probation revocation warrant more than two years later, in May 2019.

The affidavit supporting the State's motion to revoke probation was supplemented after Lozano's arrest to include the claim that, while on probation, Lozano was charged in 19CR304 (2019 case) with possession of methamphetamine, possession of marijuana, interference with law enforcement, battery on a law enforcement officer, and possession of drug paraphernalia.

The district court held the probation violation hearing in August 2019. At the hearing, Lozano admitted to the allegations in the State's motion and supporting affidavit in the 2014 case. The district court granted Lozano a personal recognizance bond and required that he comply with all probation terms while the parties finalized an agreed upon disposition in the 2019 case. In November 2019, the State filed another motion to revoke Lozano's probation in the 2014 case, alleging that, since the August 2019 hearing, Lozano missed multiple drug testing appointments and was late to a scheduled meeting.

3

Lozano's sentencing in the 2019 case and the probation revocation hearing in the 2014 case were held jointly in January 2020. At that time, the State announced that after pleading guilty in the 2019 case, Lozano had been charged in yet another criminal case.

Regarding the probation revocation in the 2014 case, the State asked the district court "for Mr. Lozano to serve his—the remaining underlying [sentence]" and to serve his sentence in the 2019 case, "consecutive to the [2014 case] in [the Department of Corrections]. The underlying sentence in the [2014 case] would be 34 months. Again, State would ask those to run consecutive." The district court than inquired, "Okay, and you may have said this, but I think the underlying in [2014 case] is 46 months, correct?" The prosecutor replied, "Correct."

In the 2019 case, Lozano requested a dispositional departure sentence to probation. Alternatively, Lozano asked that the sentences imposed for the individual counts in the 2019 case be served concurrently. The district court sentenced Lozano to concurrent sentences with a controlling term of 34 months imprisonment. The court noted that the controlling sentence imposed in the 2019 case would be "consecutive to all outstanding cases and that particularly being [the 2014 case]."

Regarding the 2014 case, the district judge "impose[d] the underlying sentence of 46 months in the Department of Corrections, as I mentioned to be served consecutive to the other count." Although the district court had originally sentenced Lozano to two misdemeanor sentences consecutive to each other and consecutive to the two felony sentences, at the probation revocation hearing, the district court did not clarify what it meant when it referenced "the other count." There was also no mention of the 12- month postrelease supervision term originally imposed in the 2014 case.

In a journal entry filed later, the district court memorialized that upon revocation of Lozano's probation in the 2014 case, Lozano was ordered to serve his original

sentence. The district court imposed a controlling sentence of 46 months imprisonment regarding the two felony convictions, to be served consecutive to a controlling sentence of 18 months incarceration in the county jail relating to the two misdemeanor convictions. A 12-month period of postrelease supervision was also ordered.

Lozano timely appeals.

REVOCATION OF PROBATION

Lozano contends the district court erred when it unreasonably revoked his probation. In particular, Lozano asserts that he is a 54-year-old drug addict who "needed another chance at probation so he could get treatment." For its part, the State counters that Lozano was afforded numerous opportunities to obtain drug and alcohol treatment while on probation yet he repeatedly failed to maintain a drug free life "before he went on bench warrant status for more than 2 1/2 years."

The decision of whether to revoke an individual's probation rests within the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

On appeal, Lozano does not dispute that he violated the terms of his probation. Nor does he claim the district court's ruling was based on an error of law or fact. Instead, his sole contention is that the district court's revocation decision was unreasonable. But once a violation has been established, the decision to revoke probation is within the district court's discretion. *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 49 (2018). And unless the district court's decision results from legal or factual error, we may find an

abuse of discretion only when no reasonable person would agree with the decision. See *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

As detailed earlier, Lozano's performance on probation was dreadful. He frequently violated important probation conditions—especially relating to his illegal use of methamphetamine. Lozano was repeatedly sanctioned with brief terms of incarceration to impress upon him the need to comply with probation conditions, to no avail. Lozano's ultimate failure on probation is shown when he disregarded his probation for 2 and 1/2 years and committed additional serious violations of the law.

Upon our review, Lozano violated his probation on numerous occasions, yet the district court afforded him several opportunities to obtain sobriety from alcohol and drugs, with no success. Under these circumstances, a reasonable person could agree that imposing imprisonment was appropriate. 306 Kan. 948, Syl. ¶ 7. We hold the district court did not abuse its discretion in revoking Lozano's probation.

DID THE DISTRICT COURT IMPOSE AN ILLEGAL SENTENCE?

Lozano contends that at his revocation hearing the district court misspoke and imposed a lesser sentence in the 2014 case which is not reflected in the court's journal entry. Lozano also complains that after the district judge imposed the two felony sentences, he added, "as I mentioned to be served consecutive *to the other count*." (Emphasis added.) In Lozano's view, this constituted imposition of a lesser sentence under K.S.A. 2019 Supp. 22-3716(c)(1)(C) because the court did not refer to the *two misdemeanor counts* that were originally ordered to run consecutive to the two felony counts in the 2014 case. Moreover, Lozano asserts that because the district court did not mention postrelease supervision at the hearing, the court modified his sentence in the 2014 case to a lesser sentence with no postrelease supervision term despite the language in the journal entry which stated that the original 12-month period of postrelease

6

supervision was imposed. Lozano seeks a remand in order that the district court can vacate one or both misdemeanor jail sentences.

For its part, the State questions our jurisdiction to consider this appeal. The State also argues that Lozano's motion to correct an illegal sentence should not be considered for the first time on appeal because the State contends the district court did not impose a lesser sentence at the probation revocation hearing. Lastly, the State challenges Lozano's assertion that the district court did not impose a term of postrelease supervision.

At the outset, the State questions whether our court has jurisdiction to consider this appeal. In support, the State cites *State v. McCroy*, 57 Kan. App. 2d 643, 458 P.3d 988 (2020) *rev. granted* 312 Kan. __ (August 27, 2020). In *McCroy*, our court held that K.S.A. 22-3504 is not an appellate jurisdiction statute and does not vest jurisdiction with an appellate court to consider a State's appeal solely on the claim that a sentence is illegal. 57 Kan. App. 2d at 649. But given the fact that *McCroy* relates to the jurisdictional basis *for the State* to appeal an allegedly illegal sentence, it has limited authority since in this appeal, Lozano, as a criminal defendant, claims jurisdiction under a separate statutory basis, K.S.A. 2019 Supp. 22-3602(a). In short, the jurisdictional grounds for the State and the defendant to appeal are predicated on different statutes. *State v. Berreth*, 294 Kan. 98, Syl. ¶ 3, 273 P.3d 752 (2012) (While a "criminal defendant has a broad right of appellate review," the State "only has limited appeal rights tightly restricted by statute.")

Kansas law provides that under K.S.A. 2019 Supp. 22-3602(a): "Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court." Moreover, whether a sentence is illegal may be raised for the first time on appeal. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). We are

persuaded that Lozano may appeal the district court's sentencing decision as an illegal sentence for the first time on appeal by way of K.S.A. 2019 Supp. 22-3602(a).

Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which appellate courts exercise unlimited review. *State v. Becker*, 311 Kan. 176, 191, 459 P.3d 173 (2020).

When a district court revokes a defendant's probation, the district court may impose the original sentence or modify the sentence and impose any lesser sentence. See K.S.A. 2019 Supp. 22-3716(c)(1)(C); *State v. Weekes*, 308 Kan. 1245, 1247, 427 P.3d 861 (2018). Generally, a sentence is effective when pronounced from the bench. 308 Kan. at 1249. A judge's oral pronouncement of the sentence controls over a conflicting written journal entry and clerical errors in a journal entry may be corrected at any time. *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019). The judge's intent at the time of sentencing does not matter, the words used by the judge is what controls. *State v. McKnight*, 292 Kan. 776, 779, 257 P.3d 339 (2011).

Lozano argues that by sentencing him to "the underlying sentence of 46 months in the Department of Corrections, as I mentioned to be served consecutive to the other count," the district judge sentenced him to an illegal sentence. Under K.S.A. 2019 Supp. 22-3504(c)(1), an illegal sentence is a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; *or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced.*" (Emphasis added.) Lozano argues that the district court's sentence from the bench was ambiguous, placing it squarely within the purview of K.S.A. 2019 Supp. 22-3504.

The State has a multi-faceted response. First, it argues that if the district court was going to impose a lesser sentence it should have followed the sentencing procedure set

forth in K.S.A. 2019 Supp. 21-6805(c)(2). The State also argues that the district court was required to follow certain constitutional requirements of victim notification if it intended on resentencing Lozano. But the State points to no authority supporting these arguments.

The crux of the State's argument is that the district court's statements regarding the previously imposed 2014 sentences did not constitute a resentencing, and the district court's "silence on referencing postrelease supervision or the sentences in both of the misdemeanor counts did not amount to a lesser sentence." In short, the State argues that the district court did not resentence Lozano at all.

In support of its argument, the State points out that Lozano did not request a lesser sentence at the probation revocation hearing. Nor did the district court specifically state that it was modifying Lozano's sentence. Lastly, the State argues that the district court was simply "recapping the felony sentence of 46 months in the Department of Corrections that Lozano would have to serve." In summary, the State's argument emphasizes that the district court did not intend to modify Lozano's sentence.

Lozano counters:

"[W]hat the district court wished to do or tried to do is meaningless. All that matters is what the district court did. See *Abasalo v. State*, 284 Kan. 299, 310, 160 P.3d 471 (2007) ('A sentence is effective upon pronouncement from the bench, regardless of the court's intent at the time the sentence is pronounced.') And here, the district court unintentionally modified Lozano's sentence to a lesser sentence under K.S.A. 22-3716(c)."

Ultimately, what the district court may have intended to do is not dispositive. While this is a close question, we are persuaded that the vagueness and uncertainty of the district court's words in discussing the imposition of the 2014 sentences may constitute a modified sentence. In that event, it is ambiguous whether the district court modified the

9

sentence to vacate one of the misdemeanor sentences and, if so, which one. Given this ambiguity, Lozano has raised a meritorious claim that the district court imposed an illegal sentence. See K.S.A. 2019 Supp. 22-3504. The sentence imposed is ambiguous and it should, therefore, be vacated.

In addition to Lozano's arguments that the district court intended to modify his sentence by vacating one of the misdemeanor sentences, in the appellant's initial brief he argued that the district court's failure to mention postrelease supervision meant "there is no postrelease supervision order in this case any longer." For support, he cited to *State v. Jones*, 56 Kan. App. 2d 556, 565-66, 433 P.3d 193 (2018), where our court held that silence on a postrelease supervision term after a new sentence is imposed following a defendant's revocation of probation results in no imposition of a postrelease supervision term.

But as the State aptly countered in its appellee's brief, *Jones* is distinguishable because that defendant's probation was revoked for a crime that occurred *before* July 2013. Under K.S.A. 2019 Supp. 22-3716(f):

> "For crimes committed on and after July 1, 2013, *a felony offender whose nonprison sanction is revoked pursuant to subsection* (*c*) or whose underlying prison term expires while serving a sanction pursuant to subsection (c)(1) *shall serve a period of postrelease* supervision upon the completion of the prison portion of the underlying sentence." (Emphases added.)

Here, because Lozano's felony offenses occurred after July 1, 2013, *Jones* does not apply but K.S.A. 2019 Supp. 22-3716(f) is directly applicable.

In his reply brief, Lozano changes course and asserts that a period of postrelease supervision "includes a period of zero." Alternatively, he concedes that our court "should

remand for [the] district court[] to impose the original term of postrelease supervision or any lesser period of postrelease supervision."

Lozano's interpretation of the plain language of K.S.A. 2019 Supp. 22-3716(f) is strained. The statute requires that an offender whose nonprison sanction is revoked "shall serve a period of postrelease supervision" after completing his or her imprisonment. A defendant cannot serve a postrelease supervision term of zero. Lozano proffers an unreasonable construction of K.S.A. 2019 Supp. 22-3716(f). See *State v. Thomas*, No. 122,518, 2020 WL 6930601, at *2 (Kan. App. 2020) (unpublished opinion).

Based on a plain reading of K.S.A. 2019 Supp. 22-3716(f), the district court was statutorily required to order that Lozano serve a postrelease supervision term. Since it appears the district court did not clearly state a term of postrelease supervision at the time of resentencing, this is another basis for finding the sentence imposed was ambiguous and, therefore, illegal.

We hold the sentences imposed after the district court revoked Lozano's probation in the 2014 case are vacated and the case is remanded for resentencing.