NOT DESIGNATED FOR PUBLICATION

No. 122,381

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EARL J. PIERCE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed March 5, 2021.
Affirmed in part, sentence vacated, and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM:  Earl J. Pierce pled guilty to three felony drug crimes. The district
court sentenced Pierce to 46 months' imprisonment with 36 months' postrelease
supervision but granted his motion for a downward dispositional departure to probation.
After four probation violations, the district court finally revoked Pierce's probation and
stated it would impose the underlying sentence. But when pronouncing Pierce's sentence,
the district court stated the underlying sentence term was 36 months, instead of 46
months with no reference to postrelease supervision. The journal entry, however,

reflected the original underlying 46-month sentence with 36 months of postrelease supervision.

On appeal, Pierce raises two issues. First, he contends the district court unreasonably revoked his probation. Second, he claims the 46-month sentence memorialized in the journal entry is illegal because the district court imposed from the bench a modified, lesser sentence of 36 months with no postrelease supervision.

Upon our review, we hold the district court did not abuse its discretion in revoking Pierce's probation. However, because the district court stated it was imposing the underlying sentence but also contradictorily stated a sentence with a lesser term of imprisonment and no postrelease supervision, the district court imposed an ambiguous illegal sentence. Accordingly, we affirm the revocation of probation, vacate Pierce's sentence, and remand the case to the district court for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

On January 17, 2019, pursuant to a plea agreement, Pierce pled guilty to: possession of cocaine with intent to distribute in violation of K.S.A. 2017 Supp. 21-5705(a)(1), (d)(1)(B), possession of heroin with intent to distribute in violation of K.S.A. 2017 Supp. 21-5705(a)(1), (d)(3)(B), and possession of methamphetamine with intent to distribute in violation of K.S.A. 2017 Supp. 21-5705(a)(1), (d)(3)(A), for crimes committed in September 2017. On March 4, 2019, the district court sentenced Pierce to 46 months' imprisonment with 36 months' postrelease supervision. The district court also granted Pierce's motion for a downward dispositional departure and granted him probation for 36 months.

One month later, on April 8, 2019, Pierce admitted to violating the conditions of his probation when he submitted a positive drug test. He consented to serve a 72-hour jail sanction.

Later that same month, on April 25, 2019, a warrant was issued alleging numerous probation violations by Pierce with the first alleged violation committed on April 8, 2019—the day he stipulated to the first sanction. On June 18, 2019, the district court held a probation revocation hearing and Pierce stipulated to five allegations of failing to provide verification that he was attending drug treatment. The district court ordered a 60-day jail sanction with credit for the time Pierce was held in custody.

About one month after Pierce completed his jail sanction, on July 26, 2019, a warrant was issued alleging Pierce violated the terms of his probation when he submitted a drug test that was positive for methamphetamine. On August 9, 2019, the district court held a hearing and Pierce admitted to the violation. Although the State and Pierce's probation officer recommended revocation of probation and imposition of the underlying sentence, the district court ordered Pierce to serve a 15-day jail sanction, with credit for time served, and continued his probation. The district court also admonished Pierce that "[t]here will be zero tolerance on any further positive [drug tests] and any failure to report."

About two months later, another warrant was issued alleging Pierce violated his probation when he submitted a drug test that was positive for methamphetamine. On December 13, 2019, the district court held a probation revocation hearing on the allegations and correctly recounted that Pierce had been sentenced to "46 months in the Kansas Department of Corrections." Thereafter, Pierce waived his right to an evidentiary hearing and admitted to violating his probation.

3

Upon finding that Pierce violated the conditions of his probation for the fourth time, the district court stated it would "revoke and impose the underlying sentence." The district court relied on the dispositional departure exception of K.S.A. 2019 Supp. 22-3716(c)(7)(B) to revoke Pierce's probation without imposition of any additional intermediate sanction.

The district judge also denied Pierce's request for a sentence modification, stating:

"I have considered [defense counsel's] request for modification. However, there was a substantial reduction in my opinion in the sentence when it first came in. Let me look at the original sentencing worksheet. It's my recollection that these counts are run concurrently, but I want to double check that and make certain. Yeah, the counts were run concurrently for a total of 36 months.

"So I'm going to deny the request for modification, I will impose a sentence as originally ordered of 36 months."

The district court made no mention of reimposing the original 36-month postrelease supervision term.

A journal entry of the revocation hearing was filed one week later, stating the district court ordered Pierce to serve his "[o]riginal sentence." The journal entry also reflected the "original total prison term" of 46 months, as well as a 36-month postrelease supervision term. The journal entry was approved and signed by the district court, the State, and Pierce's counsel.

Pierce timely filed this appeal.

Pierce contends the district court erred when it unreasonably revoked his probation. Pierce asserts that "[n]o reasonable person would send a 66-year-old drug addict to prison simply because that person could not kick drugs in less than a year." For its part, the State counters that Pierce was afforded several opportunities to obtain drug and alcohol treatment while on probation yet he "immediately squandered each [opportunity] by not attending treatment and/or continuing to use methamphetamine."

Once there has been evidence of a probation violation, "the decision of whether to revoke an individual's probation rests within the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

On appeal, Pierce does not dispute that he violated the terms of his probation. Nor does he claim the district court's ruling was based on an error of law or fact. Instead, his sole contention is that the district court's revocation was unreasonable. But once a violation has been established, the decision to revoke probation is within the district court's discretion. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). And unless the district court's decision results from legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

As detailed earlier, Pierce did not do well on probation. He repeatedly violated important probation conditions—especially relating to his illegal use of methamphetamine. Pierce submitted a drug test that was positive for methamphetamine three weeks after the district court granted his motion for a downward dispositional

departure to probation. A few weeks later, Pierce admitted he failed to attend alcohol and drug treatment, as ordered. About a month after serving a 60-day sanction, Pierce again violated the terms of his probation when he submitted another drug test that was positive for methamphetamine. Although Pierce was fully advised by the district court that further positive drug tests would result in revocation of his probation, he submitted another positive test two months later.

The record shows that Pierce violated his probation on numerous occasions, yet the district court still afforded him ample opportunities to obtain sobriety, with no success. Under these circumstances, a reasonable person could agree that imposing Pierce's prison sentence was appropriate. See *Jones*, 306 Kan. 948, Syl. ¶ 7. We discern no abuse of discretion in the revocation of Pierce's probation.

IMPOSITION OF SENTENCE AFTER REVOCATION

For the first time on appeal, Pierce contends he is serving an illegal sentence because the district court "unambiguously but mistakenly" ordered him to serve a sentence that differed from the sentence reflected in the journal entry. Pierce argues that "[w]hen the district court unambiguously but mistakenly orders the wrong, legal sentence, that sentence stands no matter what the court meant to do." Moreover, Pierce asserts that because the district court did not mention postrelease supervision at the hearing, the court modified his sentence to a lesser sentence with no postrelease supervision term.

For its part, the State contends the district court did not impose a modified sentence but rather imposed Pierce's underlying sentence of 46 months which was "accurately reflected in the journal entry." The State also challenges Pierce's assertion that the district court did not impose a term of postrelease supervision.

Pierce concedes he is raising this issue for the first time on appeal, but correctly argues he may raise it now because "certain issues, such as . . . an illegal sentence, can be raised at any time regardless of whether the issue was presented to the district court." *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).

Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which appellate courts exercise unlimited review. *State v. Becker*, 311 Kan. 176, 191, 459 P.3d 173 (2020).

When a district court revokes a defendant's probation, the district court may impose the original sentence or modify the sentence and impose any lesser sentence. See K.S.A. 2019 Supp. 22-3716(c)(1)(C); *State v. Weekes*, 308 Kan. 1245, 1247, 427 P.3d 861 (2018). Generally, a sentence is effective when pronounced by the judge from the bench. 308 Kan. at 1249. A judge's oral pronouncement of the sentence controls over a conflicting written journal entry and clerical errors in a journal entry may be corrected at any time. *State v. Edwards*, 309 Kan. 830, 835, 440 P.3d 557 (2019). Lastly, the judge's intent at the time of sentencing does not matter, the words used by the judge is what controls. *State v. McKnight*, 292 Kan. 776, 779, 257 P.3d 339 (2011).

Pierce argues that he is illegally sentenced since "his sentence is ambiguous because the sentence pronounced from the bench is at odds with the sentence transcribed in the journal entry." Under K.S.A. 2019 Supp. 22-3504(c)(1), an illegal sentence is a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; *or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced*." (Emphasis added.) Pierce argues that the district court's sentence from the bench did not conform to the applicable statutory provisions, and was also ambiguous, therefore placing it squarely within the purview of K.S.A. 2019 Supp. 22-3504. Notably, Pierce specifies that "[f]or the sake of clarity, though, Pierce is not arguing that the

7

pronounced sentence, standing alone, is ambiguous, just when compared to the journal entry."

Put simply, the State argues the district court imposed the underlying sentence and a 36-month sentence "was invalid as a matter of law, despite [Pierce's] claim." In support of its argument, the State points out the district court pronounced that it was imposing the "'underlying sentence'" and there is "no dispute" Pierce's underlying sentence is lawful. The State also points out the district court considered, and denied, Pierce's request to modify his sentence. Based on the statements of the district court, the State proffers that the 36 months "was not the pronounced sentence" but a "misstatement when denying the motion to modify." In summary, the State's argument emphasizes that the district court did not modify Pierce's sentence.

Pierce counters that the district judge's last pronouncement, "'I will impose the sentence as originally ordered of 36 months'" is controlling based on the longstanding rule that "'[a] sentence is effective upon pronouncement from the bench, regardless of the court's intent at the time the sentence is pronounced.'" *McKnight*, 292 Kan. at 779 (quoting *Abasolo v. State*, 284 Kan. 299, 310, 160 P.3d 471 [2007]). Although it may have been accidental, Pierce argues the district court imposed a modified sentence—which it was permitted to do under K.S.A. 2019 Supp. 22-3716(c)(1)(C) (authorizing district courts to order a defendant "to serve the sentence imposed, or any lesser sentence" upon revoking probation).

Although the 36-month sentence referenced in court contrasts with the journal entry's memorialization of a 46-month sentence, that is just one aspect of the ambiguity that concerns us. The material ambiguity is that after revoking Pierce's probation, the district court's conflicting oral statements do not make clear what sentence was ultimately imposed—whether it was for 36 or 46 months in length. Given this ambiguity, Pierce has persuasively argued the district court imposed an illegal sentence at the hearing on the

8

motion to revoke probation. See K.S.A. 2019 Supp. 22-3504(c)(1). And because the sentence imposed is illegal, it must be vacated and remanded for resentencing.

Pierce also asserts the district court ordered no postrelease supervision term because the district court "remained silent on any term of postrelease supervision" when it purportedly modified his original sentence. Consequently, Pierce argues that our court should vacate the postrelease supervision term stated in the journal entry. For support, he cites *State v. Jones*, 56 Kan. App. 2d 556, 565-66, 433 P.3d 193 (2018), where this court held that silence on a postrelease supervision term after a new sentence is imposed following a defendant's revocation of probation results in no imposition of a postrelease supervision term.

But as the State countered in its brief, *Jones* is distinguishable because that defendant's probation was revoked for a crime that occurred before July 2013. Under K.S.A. 2019 Supp. 22-3716(f): For crimes committed *on and after July 1, 2013, a felony offender whose nonprison sanction is revoked pursuant to subsection* (*c*) *or whose* underlying prison term expires while serving a sanction pursuant to subsection (c)(1) *shall serve a period of postrelease supervision* upon the completion of the prison portion of the underlying sentence." (Emphases added.) Here, because Pierce's felony offenses occurred after July 1, 2013, *Jones* does not apply but K.S.A. 2019 Supp. 22-3716(f) is directly applicable.

In his reply brief, Pierce acknowledges the State's argument regarding *Jones* and employs a complex statutory construction argument wherein he argues that "under K.S.A. 2019 Supp. 22-3716(f) and K.S.A. 2019 Supp. 22-3716(d)(4), Pierce 'shall serve a period of postrelease supervision' of zero." Alternatively, he concedes that this court may remand to the district court "to impose the original term of postrelease supervision or any lesser period of postrelease supervision."

9

Pierce's interpretation of the relevant statutes is strained. Kansas law under the circumstances of this case plainly requires that an offender whose nonprison sanction is revoked "shall serve a period of postrelease supervision" after completing his or her time in prison. K.S.A. 2019 Supp. 22-3716(f). It is an understatement that a defendant cannot serve a postrelease supervision term of zero. To conclude otherwise would be an unreasonable construction of K.S.A. 2019 Supp. 22-3716(f). See *State v. Thomas*, No. 122,518, 2020 WL 6930601, at *2 (Kan. App. 2020) (unpublished opinion).

We are persuaded that upon the revocation of Pierce's probation, the district court was statutorily required to order that Pierce serve a postrelease supervision term. Given the ambiguity of whether the district court ordered the imposition of the underlying sentence, which included a 36-month postrelease supervision term, or a modified sentence without any postrelease supervision term, this is another reason for concluding that the sentence imposed is ambiguous and, therefore, illegal.

The revocation of probation is affirmed, sentence is vacated, and the case is remanded for resentencing.

Affirmed in part, sentence vacated, and case remanded with directions.