NOT DESIGNATED FOR PUBLICATION

No. 124,121

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAYLOR G. GREEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed October 7, 2022. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON and WARNER, JJ

PER CURIAM: Defendant Taylor G. Green has persistently challenged the lifetime postrelease supervision component of his sentence for aggravated sexual battery since he was first sentenced in 2011 in Sedgwick County District Court. The district court summarily turned away Green's most recent effort to brand that portion of his sentence illegal under K.S.A. 2021 Supp. 22-3504, citing res judicata and his repeated lack of success over the past decade. We consider the merits of Green's arguments, find them wanting, and, therefore, affirm the district court's ruling denying relief.

1

In April 2011, Green pleaded guilty to one count of attempted aggravated sexual battery, a felony. The underlying circumstances of the crime are irrelevant to this appeal. A month later, the district court sentenced Green to serve a 29-month prison term with lifetime postrelease supervision and placed him on probation for 24 months, reflecting a presumptive guidelines sentence, as everyone acknowledges. The legality of a sentence for purposes of a motion to correct an illegal sentence is governed by the law in effect when the district court imposes the sentence. K.S.A. 2021 Supp. 22-3504(c)(1); *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019).

Green had difficulties on probation that appear to have been largely related to an ongoing substance abuse problem. The district court initially imposed an intermediate sanction and continued Green on probation. Green again violated the terms of his probation, and at a hearing in November 2011, the district court revoked his probation. After finding the probation violation, the district court tersely ordered that Green "be remanded to the custody of [the] Secretary of Corrections to serve the balance of his sentence." The transcript shows the district court plainly intended to retain the original sentence it imposed earlier in the year. Nobody now suggests otherwise.

But Green's lawyer then immediately asked the district court to consider reducing the length of imprisonment from 29 months, which reflected the high guidelines term based on Green's criminal history. The lawyer properly cited K.S.A. 22-3716 and *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001), as recognizing that upon revocation of probation, a district court may impose any lesser sentence. The lawyer, however, did not request a change to the period of lifetime postrelease supervision. Again with casual brevity, the district court stated, "I'm going to reduce it to 24 months." The district court did not mention postrelease supervision. Neither the prosecutor nor Green's lawyer asked for any elaboration, and the district court then adjourned the hearing without further comment.

Green has filed several motions to correct an illegal sentence on the grounds that at the end of the November 2011 probation hearing, the district court effectively imposed a lesser sentence that included no period of postrelease supervision. None of those challenges were successful. Green filed his latest motion to correct an illegal sentence in 2021. The district court summarily denied the motion as repetitive of the earlier motions and, thus, barred by res judicata. The district court did not consider the merits of Green's claim for an illegal sentence. Green appealed the ruling, and that is what we have in front of us.

We asked the parties for supplemental briefs to flesh out their respective positions in light of case authority recognizing a district court could modify a defendant's sentence after revoking his or her probation to reduce or eliminate postrelease supervision—at least under the law as it was when Green was sentenced. See *State v. Roth*, 308 Kan. 970, 972, 424 P.3d 529 (2018); *State v. McKnight*, 292 Kan. 776, 782-83, 257 P.3d 339 (2011); *State v. Jones*, 56 Kan. App. 2d 556, 564, 433 P.3d 193 (2018). In *State v. Sheets*, 60 Kan. App. 2d 378, 383-83, 494 P.3d 168 (2021), we recognized that legislative changes to K.S.A. 22-3716 require defendants convicted of crimes committed on or after July 1, 2013, to serve *some* period of postrelease supervision when their probations have been revoked. The modification of K.S.A. 22-3716 does not affect Green, since his crime of conviction predates 2013.

Res judicata is a prudential doctrine that broadly speaking prevents a party from relitigating claims that were or could have been raised in an earlier action decided on the merits. It prevents the losing party from successively litigating those claims against the prevailing party and, thus, curtails wasteful and often abusive litigation. See *Herington v. City of Wichita*, 314 Kan. 447, Syl. ¶ 5, 500 P.3d 1168 (2021). But res judicata does not impose a jurisdictional bar to judicial review. *State v. McGinn*, No. 122,908, 2022 WL 1197320, at *1 (Kan. App. 2022) (unpublished opinion) ("law of the case and res judicata are prudential rules that do not strip a court of subject matter jurisdiction"). We may put

res judicata and other preclusion doctrines to one side in considering Green's appeal. We do so here.

On appeal, Green relies in no small part on *Jones*. There, we held that when a district court modifies a sentence for a pre-2013 crime upon revoking the defendant's probation and is silent on postrelease supervision, the modified sentence includes no period of postrelease supervision. 56 Kan. App. 2d at 564. A sentence is fixed upon the district court's pronouncement of it from the bench. *State v. Hill*, 313 Kan. 1010, 1013, 492 P.3d 1190 (2021); *Jones*, 56 Kan. App. 2d at 560-61. But Green's reliance on *Jones* is misplaced.

The transcript of Green's probation revocation hearing shows the district court clearly ordered Green to serve his original sentence that included lifetime postrelease supervision. Accordingly, the district court did not impose a modified sentence. Those are two sides of the same coin in that the original sentence cannot be a modified sentence and vice versa. Thereafter, Green's lawyer asked that the district court consider shortening the original time of imprisonment. The lawyer's request was specific to the 29-month term of incarceration and no other portion of Green's original sentence that the district court had just ordered Green to serve. Again, the transcript is unmistakable on the limited scope of what Green's lawyer sought. As we have said, the district court reduced the term of incarceration from 29 months to 24 months in response to that specific request.

Those circumstances set this case apart from *Jones*. The district court here did not impose a modification of Green's original sentence generally, including postrelease supervision. To the contrary, the district court ordered the full original sentence be served. Only then did the district court entertain a tailored request from Green's lawyer aimed at the term of incarceration. The limited relief the district court considered and granted plainly did not extend beyond the bounds of the what the lawyer specifically

4

sought. Green cannot now expand the specific request and response into something considerably more.

We, therefore, conclude the district court did not impose an illegal sentence on Green when it revoked his probation. On that basis, we affirm the district court's denial of Green's motion to correct an illegal sentence.

Affirmed.