NOT DESIGNATED FOR PUBLICATION

No. 122,708

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JACOB W. KING,
*Appellant*.


MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed March 19, 2021. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Douglas A. Matthews*, assistant county attorney, *M. Levi Morris*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., MALONE and WARNER, JJ.

PER CURIAM: Jacob King appeals the district court's denial of his motion to correct an illegal sentence, arguing his sentence is illegal in two respects. He asserts that the court modified his sentence in the current case when it altered his sentence in a different case, but it did not pronounce his modified sentence from the bench. And he claims the court erred when it revoked his probation in late 2018 without following certain statutory procedures, asserting that this revocation resulted in an illegal sentence. We are not persuaded by either argument and thus affirm the district court's ruling.

1

FACTUAL AND PROCEDURAL BACKGROUND

The case before us originated in October 2017, when the State charged King with possession of methamphetamine and possession of drug paraphernalia. At the time, King was serving probation for a 2014 conviction for theft and a 2016 conviction for burglary of a motor vehicle, both felonies. King pleaded guilty to the methamphetamine charge, and the State dismissed the paraphernalia charge.

Before his sentencing hearing in May 2018, the State brought charges against King in two new cases for multiple misdemeanors, including possession of stolen property and possession of marijuana and drug paraphernalia. The district court resolved all these matters during the May 2018 sentencing hearing.

- For the methamphetamine conviction in the current case, the court imposed a 30-month prison sentence, to run consecutive to King's sentences for his two prior felony convictions, and 12 months' postrelease supervision. The court then suspended this sentence and granted King 18 months' probation, ordering him to undergo mandatory inpatient drug treatment.

- For the 2018 misdemeanors, King pleaded no contest to possession of stolen property, and the State dismissed the other charges. The court sentenced him to an underlying 12-month jail sentence for the stolen-property offense and ordered that this sentence would again run consecutive to the sentences in his felony cases. The court then deferred the jail sentence and granted King 12 months' probation.

In October 2018, King violated the terms of his probation after he used methamphetamine, failed to report to a community corrections meeting, and was terminated from his employment. King admitted to these violations at a hearing the next month. As a result, the district court revoked his probation in all four cases, finding it

could bypass the graduated-sanctions framework in the current felony case because King had received a departure sentence. The court also modified King's misdemeanor sentence in the 2018 case, ordering that the jail sentence run concurrent with (not consecutive to) his felony prison sentences. This modification resulted in a controlling sentence of 54 months' imprisonment. King did not appeal.

Beginning in January 2019, King began filing pro se letters and motions challenging various aspects of his methamphetamine conviction and corresponding sentence. Relevant to this appeal, King filed a motion to correct an illegal sentence, claiming the court had miscalculated his jail time credits. He also filed a motion to withdraw his plea, claiming the possession of methamphetamine and drug paraphernalia charges were multiplicitous; a motion for sentence reduction/modification, claiming his 54-month sentence was too long; and a motion to suppress the methamphetamine the officers discovered. The district court summarily denied these motions in February 2020.

DISCUSSION

King appeals the district court's denial of his motion to correct an illegal sentence, but he takes a different tack. Instead of continuing to pursue the questions regarding jail time credits he raised in his original pro se motion, King now claims that his sentence is illegal for two other reasons:

- He claims that when the district court modified the sentence in his 2018 misdemeanor case, causing it to run concurrent with and not consecutive to his prison sentences, the court effectively modified the sentence for his methamphetamine conviction. He asserts that because the district court did not pronounce a complete sentence from the bench during the probation revocation hearing for the felony case, that sentence is illegal, and the case must be remanded for resentencing.

3

- He claims that the district court erred when it revoked his probation for the 2017 felony case without following the graduated-sanction framework in K.S.A. 2017 Supp. 22-3716, asserting the court incorrectly found that his original probation was the result of a dispositional departure. According to King, the improper revocation of his probation resulted in an illegal sentence that can be addressed through the present motion.

For the reasons we discuss in this opinion, we find neither argument persuasive.

1. *The district court did not modify King's sentence for possession of methamphetamine.*

A sentence is effective when the court pronounces it from the bench. *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007). A district court usually lacks jurisdiction to modify a legal sentence once that sentence is pronounced. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). But when a district court revokes a person's probation, it may order that person to serve "the sentence imposed, or any lesser sentence." K.S.A. 2017 Supp. 22-3716(c)(1)(E).

When the district court revoked King's probation in November 2018, it also modified his jail sentence for the misdemeanor stolen-property offense so that it ran concurrent with, not consecutive to, the prison sentences for his felony convictions. King argues that by modifying the misdemeanor sentence, the court also effectively modified the prison sentence for his methamphetamine conviction. This matters because if the court modified his sentence, it was required to pronounce the complete sentence for that conviction—including the term of postrelease supervision—at the hearing. Since the court did not do so, King argues he no longer has to serve postrelease supervision. See *State v. Jones*, 56 Kan. App. 2d 556, 564-66, 433 P.3d 193 (2018).

Though King did not raise this issue before the district court, a court may correct an illegal sentence at any time, even when that issue is raised for the first time on appeal. See K.S.A. 2020 Supp. 22-3504(a); *State v. Sartin*, 310 Kan. 367, Syl. ¶ 2, 446 P.3d 1068 (2019). A sentence is illegal when it (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provision, either in character or punishment; or (3) is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 2020 Supp. 22-3504(c)(1).

But contrary to King's assertions, the district court did not modify the sentence for King's methamphetamine conviction when it revoked his probation. The court merely ordered that King serve his underlying sentence for that crime. The fact that the court modified a *different* sentence (for misdemeanor possession of stolen property) in a *different* case at the same hearing does not change this reality.

King argues that this court's decisions in *Jones* and *State v. Bishop*, No. 119,961, 2019 WL 6973428 (Kan. App. 2019) (unpublished opinion), compel a different result. But we disagree. As a starting point, we observe that we are not bound to follow *Jones* or *Bishop*, as they are horizontal precedents. See *Kansas v. Fleming*, 308 Kan. 689, 706, 423 P.3d 506 (2018). But more importantly for purposes of our analysis, those decisions are narrow and do not stand for the broad positions King asserts.

In *Jones*, we held that when a district court modifies a sentence by causing it to run concurrently when it previously ran consecutively, then it must also announce the postrelease-supervision term. 56 Kan. App. 2d at 563-64. If a court fails to announce this term, then it may not later order a supervision term in the journal entry, as the sentence has already been pronounced. 56 Kan. App. 2d at 565; see also *State v. Thomas*, No. 122,518, 2020 WL 6930601, at *2 (Kan. App. 2020) (unpublished opinion) (felony cases lacking a postrelease-supervision term must be remanded for resentencing to comply with

K.S.A. [2020] Supp. 22-3716[f] and K.S.A. 2020 Supp. 22-3717[d][4]). *Jones* is inapposite to King's argument as the sentence in the case before us—the sentence for his methamphetamine conviction—was not modified when the district court revoked his probation.

*Bishop* involved a specific application of *Jones*. In that case, the court modified Bishop's sentences after it revoked his probation, noting in the journal entry that the sentences in question were "'modifie[d] . . . to run concurrently with'" sentences in three other cases. *Bishop*, 2019 WL 6973428, at *5. This court concluded that because the district court had expressly modified these sentences, it was required to also state a term of postrelease supervision, which it had not done. 2019 WL 6973428, at *5. Again, however, *Bishop* only illustrates what must occur if a court modifies a defendant's sentence—which the court in King's case did not do for the sentence before us.

Here, the district court revoked King's probation and ordered him to serve his underlying 30-month prison term for his methamphetamine conviction. It did not modify that sentence. As a result, the 12-month term of postrelease supervision announced at King's original sentencing hearing remains in effect. The court did not impose an illegal sentence when it ordered him to serve his underlying sentence.

2. *The revocation of King's probation is not a sentence that can be corrected through a motion under K.S.A. 2020 Supp. 22-3504.*

King also uses his illegal-sentence motion to challenge *how* the district court revoked his probation, not just the sentences imposed after that probation was revoked. He asserts that the revocation of probation is an avenue of punishment, so a court's decision to revoke probation can be considered in the context of K.S.A. 2020 Supp. 22-3504. And he argues that the court imposed an illegal sentence when it revoked his probation without first complying with K.S.A. 2017 Supp. 22-3716's graduated-sanction framework.

As a preliminary matter, the State argues this court does not have jurisdiction to consider King's challenge, as he did not appeal the district court's November 2018 probation revocation decision. We agree that appellate courts generally do not have jurisdiction to consider untimely appeals. See *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016); see also K.S.A. 2020 Supp. 22-3608(c) and K.S.A. 60-2101(a) (providing jurisdictional parameters for appeals by defendants in criminal cases). And parties who do not timely appeal a decision generally lose the ability to challenge that decision later. 304 Kan. at 919. But King argues that the revocation of his probation was an illegal sentence—a question a court may address and correct at any time, including for the first time on appeal. See K.S.A. 2020 Supp. 22-3504(a); *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). We thus have jurisdiction to consider whether the revocation of his probation fell within the purview of K.S.A. 2020 Supp. 22-3504.

A sentence is illegal when it "does not conform to the applicable statutory provision, either in character or punishment." K.S.A. 2020 Supp. 22-3504(c)(1). The Kansas Supreme Court has interpreted this "applicable statutory provision" language to include "the statute defining the crime and assigning the category of punishment to be imposed." *State v. Edwards*, 281 Kan. 1334, 1337, 135 P.3d 1251 (2006); see also *State v. Alford*, 308 Kan. 1336, 1340, 429 P.3d 197 (2018) (noting "applicable statutory provision" includes the statute defining the crime, assigning the category of punishment, and the criminal history classification axis).

When King committed his methamphetamine offense, Kansas employed a system of graduated sanctions for probation violations. After imposing two intermediate sanctions, a court could revoke probation and require the person to serve "the sentence imposed, or any lesser sentence." K.S.A. 2017 Supp. 22-3716(c)(1)(E). A court could bypass the intermediate sanctions and revoke probation if that probation had been granted

as a dispositional departure. K.S.A. 2017 Supp. 22-3716(c)(9)(B). King argues that the court misapplied this statutory provision when it revoked his probation in this case.

We do not reach the merits of this argument, however, because a district court's decision revoking probation is not a *sentence*. K.S.A. 2020 Supp. 22-3504 does not authorize courts to address every potential statutory violation, but only those that result in illegal *sentences*. The statute governing King's probation revocation—K.S.A. 2017 Supp. 22-3716—does not define King's crime of conviction, nor does it assign punishment to be imposed. See *Edwards*, 281 Kan. at 1337. It does not specify a crime's severity level, categorize a crime as a person/nonperson or drug/nondrug offense, or establish the applicable punishment range. See *Alford*, 308 Kan. at 1340. Instead, K.S.A. 2017 Supp. 22-3716 governs how a district court should address situations when a person who is on probation violates the terms of that probation. Thus, while revoking probation might have a punitive component—as King argues—that punishment is not tied to the crime of conviction, but to a person's conduct while he or she is on probation. It is not a sentence.

Given this discussion, it is unsurprising that this court has consistently held that probation revocation is not a matter than can be addressed through a motion to correct an illegal sentence. See *State v. Brown*, No. 114,212, 2016 WL 4259938, at *1 (Kan. App. 2016) (unpublished opinion) (failure to comply with K.S.A. 2015 Supp. 22-3716[c] does not constitute an illegal sentence); *State v. Howell*, No. 111,746, 2015 WL 2414407, at *1-2 (Kan. App.) (unpublished opinion) (given limited applicability of K.S.A. 22-3504, noncompliance with K.S.A. 2014 Supp. 22-3716 likely does not constitute an illegal sentence), *rev. denied* 302 Kan. 1015 (2015); *State v. Kafka*, No. 111,937, 2015 WL 9286795, at *7-9 (Kan. App. 2015) (unpublished opinion) (citing cases), *rev. denied* 305 Kan. 1255 (2016); *State v. Lane*, No. 111,110, 2015 WL 802739, at *2-3 (Kan. App. 2015) (unpublished opinion); *State v. Brown*, No. 110,488, 2015 WL 326450, at *3-4 (Kan. App.) (unpublished opinion), *rev. denied* 302 Kan. 1012 (2015).

King acknowledges this precedent but asks us to revisit the reasoning in these decisions, arguing that the *Edwards* interpretation of K.S.A. 22-3504's "applicable statutory provision" language is too broad. But this court is duty-bound to follow Kansas Supreme Court precedent unless that court has indicated it is departing from its previous position. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). There is no indication the Kansas Supreme Court intends to depart from *Edwards*, particularly given its reliance on that decision in *Alford*. See 308 Kan. at 1340.

If King wanted to challenge the district court's revocation of his probation, he should have appealed that decision. It cannot be addressed collaterally through a motion to correct an illegal sentence.

Affirmed.